PROB 12C  
(06/17)

September 12, 2022  
pacts id: 5788603

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Eduardo Arredondo (English)   **Dkt. No.:** 19CR00212-001-GPC

**Reg. No.:** 73354-298

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 21 U.S.C. § 952 and 960, Importation of Methamphetamine, a Class A Felony

**Date of Sentence:** May 31, 2019

**Sentence:** 30 months' as to count 1 custody; followed by 3 years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** August 23, 2021

**Asst. U.S. Atty.:** Nicholas Jordan Hernandez    **Defense Counsel:** Mark F. Adams  
(Appointed)  
(619) 239-4344

**Prior Violation History:** None.

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following conditions of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. | 1. On August 13, 2022, Mr. Arredondo Conspired to Enter, Transport, or Harbor Aliens in the United States, in violation of 8 U.S.C. § 1324(A)(1)(A)(vi), as evidenced in the U.S. Department of Homeland Security Report of Investigation, Event No. ECJ2208000069. |
| **(Special Condition)** Report all vehicles owned or operated, or in which you have an interest, to the probation officer. | 2. On August 18, 2022, Mr. Arredondo admitted to operating a vehicle he failed to report to probation officer. |

***Grounds for Revocation:*** As to allegation 1, I received and reviewed the U.S. Department of Homeland Security Report of Investigation, Event No. ECJ2208000069, which confirms the following: On August 13, 2022, a Border Patrol agent was advised a black 2009 Ford F150 with license plate number 42008N2 was traveling east bound on State Route 94 and had been associated with narcotics smuggling through the Otay Mesa, California, Port of Entry. The agent followed the vehicle, noticing the driver appeared to be unfamiliar with the area he was traveling and was driving in manners known to be used by smugglers. The agent conducted a vehicle stop. When the agent approached the vehicle, to speak to the driver, later identified as Eduardo Arredondo, he noticed three individuals lying down in the back seat of the vehicle appearing to conceal themselves. All individuals were questioned regarding their immigration status where they admitted to being citizens and nationals of Mexico. The agent placed three subjects under arrest and later arrested Mr. Arredondo for alien smuggling. He was ultimately booked and released. His black Ford F150, CA Plate 42008N2 was processed for seizure.

As to allegation 2, on July 22, 2021, the probation officer reviewed the conditions of supervised release with Mr. Arredondo and instructed him to report all vehicles owned or operated, or in which he had interest to the probation officer. On August 18, 2022, Mr. Arredondo came into the office to speak with his probation officer. During this meeting, he admitted that he attempted to smuggle aliens for financial gain. During this conversation, he also told his officer that he was driving his 2009, F150 (black) at the time of the arrest. When asked why he had not reported the vehicle before, Mr. Arredondo stated that he thought his vehicle information was on file.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Following his release from custody Mr. Arredondo resided with his adult children in his San Diego, California, home. He remained employed and travelled to Mexico, periodically, for the sake of retrieving items from his restaurant business. Mr. Arredondo had ambitions to start a seafood distribution company. Based on his overall satisfactory compliance, Mr. Arredondo was placed on an administrative caseload.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Arredondo is 57-year-old, single father of two adult children. He continues to reside in San Diego and maintains full-time employment. He does not have any significant mental health or substances abuse issues. He also does not have any criminal history other than the instant offense and this violation conduct.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves conspiracy to transport illegal aliens which constitutes a Grade B violation. USSG §7B1.1(a)(2), p.s.

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade B violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since at the time of original sentencing the court departed from the applicable Criminal History Category, an upward departure may be warranted upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of life. USSG §7B1.4, p.s., comment. (n.2), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

PROB12(C)

Name of Offender: Eduardo Arredondo  
Docket No.: 19CR00212-001-GPC

September 12, 2022  
Page 4

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

A bench warrant is recommended as it is alleged Mr. Arredondo has engaged in new criminal conduct behavior, which poses a risk to the community.

## RECOMMENDATION/JUSTIFICATION

Mr. Arredondo appears before Your Honor as it is alleged that he has committed a new crime while on supervised release. He committed this crime while being granted the privilege of supervision on the administrative caseload and failed to report all vehicles to probation officer as instructed. His actions are a clear violation of the Court's trust and represents a disregard for the laws of the United States. As such, it is respectfully recommended that the offender be brought before the Court to answer for his conduct.

Should the offender be found in violation of his conditions of supervised released, it is respectfully recommended that supervision be revoked, and Mr. Arredondo be sentenced to 4 months in custody followed by 2 years of supervised release under the same terms and conditions as previously ordered to include the updated search condition which includes papers, computers, other electronic communications or data storage devices or media. This will allow U.S. Probation Officers to monitor more effectively the person under supervision.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: September 12, 2022**

Respectfully submitted:  
DANIEL J. KILGORE  
CHIEF PROBATION OFFICER

by _____Monya Morrow_____  
Monya Morrow  
U.S. Probation Officer  
(619) 446-3830

Reviewed and approved:

_____Dawn Edwards_____  
Dawn Edwards  
Supervisory U.S. Probation Officer

mcs

PROB12CW                                                                              September 12, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Arredondo, Eduardo

2. **Docket No.** (Year-Sequence-Defendant No.): 19CR00212-001-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

    | Violation(s) | Grade |
    |---|---|
    | alien smuggling | B |
    | not reporting vehicle | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                    [   B   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                           [   I   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                    [ 4 to 10 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | _____ | Community Confinement | _____ |
    | Fine($) | _____ | Home Detention | _____ |
    | Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

Name of Offender: Eduardo Arredondo                                  September 12, 2022
Docket No.: 19CR00212-001-GPC                                                    Page 6

---

**THE COURT ORDERS:**

__✓__   AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____   DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____   Other _____

_____         _____9/13/22_____
The Honorable Gonzalo P. Curiel                                   Date
U.S. District Judge